# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RANDY L. THOMAS**<br>**#293777** | **:** | **DOCKET NO. 2:10-cv-1704** |
| **VS.** | **:** | **JUDGE MINALDI** |
| **ROBERT HENDERSON, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to the provisions of 28 U.S.C. §2241 on November 1, 2010 by *pro se* petitioner Randy L. Thomas.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at C. Paul Phelps Correctional Center (CPP), DeQuincy, Louisiana.  Petitioner complains that the LDOC failed to credit him with time that he was erroneously released from custody, resulting in his incarceration without due process.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**

## FACTS

Petitioner was convicted by a jury in Jefferson Parish, Louisiana, and sentenced to serve a term of incarceration at hard labor.  Doc. 4, p. 6.  Petitioner states that an eight year sentence was imposed pursuant to the Habitual Offender statute.  *Id.*

On or about April 23, 2006, Thomas was released from custody under a diminution of

sentence, as if on parole.  *Id.*  On November 28, 2006, he was returned to custody as the LDOC found that he was not entitled to a diminution of sentence and had been released in error.  *Id.*

Petitioner claims that he was released from custody through no fault of his own and that it is a manifest injustice not to credit him with the seven months that he was not incarcerated.  Doc. 4, p. 6.   Petitioner states that he began the DOC's administrative remedy process but that he did not complete the process.  Doc. 4, p. 7.  He also maintains that his state remedies are "essentially exhausted" because he defaulted and cannot seek additional review without punitive measures. *Id.* Petitioner states that he is functionally illiterate, unable to comprehend at a proficient level, and cannot use PCC's law library as operated.[1]

Petitioner requests credit for the time that he was released "on parole" until the time that he was placed back in prison.  Doc. 4, p. 8.  In the alternative, he requests unconditional release. *Id.*

## LAW AND ANALYSIS

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000).   In his petition, Thomas attacks the manner in which his sentence is being executed. He argues that he is entitled to habeas corpus relief as the LDOC erroneously refused to credit

---

[1]In general, a civil rights suit "is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.  *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).  A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody.  *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989).   *Carson v. Johnson*, 112 F.3d 818, 820.  The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings:  If "a favorable determination ...  would not automatically entitle [the prisoner] to accelerated release," *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995) (per curiam), *cert. denied*, 516 U.S. 1059, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996), the proper vehicle is a civil rights suit.

Based upon a review of the pleadings herein, it is clear that  petitioner's claim regarding CPP's library is a civil rights claim as it does not implicate the overall length of his confinement but only the conditions of his confinement.  Thus, in regard to that claim, petitioner has failed to state a claim for which relief can be granted and such claim should be dismissed.

the remainder of his sentence with the time that he spent at liberty after being erroneously released from state custody.

Petitioner is not entitled to the relief he seeks.  In the factually similar case of *Leggett v. Fleming*, 380 F.3d 232, 235 (5th Cir. 2004), the Fifth Circuit addressed a request from an inmate to be credited for time spent at liberty after being erroneously released by state authorities.  In that case, the Fifth Circuit stated "[t]his court expressly held that a prisoner is not entitled to a credit when there is merely a delay in the execution of one's sentence."  *Leggett*, at 235 (citing *U.S. ex rel. Mayer v. Loisel*, 25 F.2d 300, 301 (5th Cir. 1928)); *see also Scott v. U.S.*, 434 F.2d 11, 23 (5th Cir. 1970) ("This Court holds that the mere lapse of time that occurred here [27 months], without petitioner undergoing any actual imprisonment to which he was sentenced ...does not constitute service of that sentence, and this sentence remains subject to be executed, notwithstanding the delay in executing it.").  The *Leggett* court stated that it was foreclosed by circuit precedent from relying on a conflicting holding from another circuit in order to grant the petitioner's request for credit for time spent at liberty before commencement of a sentence. *Leggett,* at 235.

In keeping, the petitioner in the present case is not entitled to credit for the time in which he was erroneously released.  Thus, the instant petition for writ of habeas corpus must be dismissed.[2]

---

[2]  Although not dismissing this case based on failure to exhaust, the court notes that petitioner admits (and the published jurisprudence supports) that he did not exhaust his state court remedies, a requirement for each and every ground upon which he claims entitlement to *habeas* relief whether he seeks relief pursuant to 28 U.S.C. § 2241.  *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).   *See also Serio v. Members of Louisiana Bd. of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously fairly presented to the state's highest court in a procedurally proper manner.  *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988).  A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief.  *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205.  Further, as a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S.

For the reasons discussed above, **IT IS RECOMMENDED** that this petition be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 17th  day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

270, 275 (1971).  Petitioner seeks a speedier release from custody and *habeas corpus* is his sole remedy.  His failure to comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies gives another grounds for dismissal of the instant petition.